UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZETTE EATON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FCA US, LLC, et al.,<br><br>　　　　　　　　Defendants. | Case No. 5:23-cv-01707-SRM-KSx<br><br>**ORDER TO SHOW CAUSE REGARDING REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO FRCP 68(A)** |

　　　　Plaintiff Suzette Eaton and Defendant FCA US, LLC request that this Court enter judgment under Federal Rule of Civil Procedure 68(a). (Dkt. 37, Req. at 1.) The parties agreed to resolve this matter in its entirety and that judgment be entered in favor of Eaton and against FCA. (*Id.* Ex. 1.) Relevant here, FCA agreed to pay Eaton $60,791.68 and her "attorney's fees, costs and expenses in an amount to be determined by noticed motion to the Court." (*Id.*)

　　　　Rule 68 provides as follows: "If, within 14 days after being served [an offer to allow judgment on specified terms], the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." *See* Fed. R. Civ. P. 68(a). Considering the

terms of the offer and that this action was brought pursuant to the Song-Beverly Consumer Warranty Act, the Court declines to enter judgment at this time. Rather, the Court is inclined to issue a single judgment based on the Rule 68 Offer, to include both the $60,791.68 and any attorney fees and costs awarded. *See* Cal. Civ. Code § 1794(d) ("If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as *part of the judgment* a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.") (emphasis added)); *see also Shaw v. Ford Motor Co.*, 2020 WL 57273, at *6 & n.4 (C.D. Cal. Jan. 3, 2020) (determining the appropriate amount of fees and costs in a case where a Rule 68 offer had been made in which the defendant offered $15,000 in fees or for a court-determined amount of fees, and the plaintiff chose the latter, with the court expressly noting that "[n]o judgment has yet been entered in this case").

As the Rule 68 Offer includes that Eaton may elect to have the Court determine attorney's fees, costs, and expenses recoverable in this case, including whether they are recoverable and the amounts by noticed motion, the Court **ORDERS** as follows:

1. The parties shall **SHOW CAUSE** as to why a single judgment that includes fees and costs should not be issued;
2. If the parties come to an agreement on the issue of fees and costs, they should file a stipulation regarding entry of judgment on or before **May 19, 2025**;
3. If the parties cannot agree on the issue of fees and costs, Eaton shall file an appropriate motion on or before **May 19, 2025**;
4. Failure to file an appropriate document or seek other appropriate relief on or before May 19, 2025, will result in the court entering judgment in favor of Eaton and against FCA in the amount of $60,791.68

pursuant to the parties' compromise, with no fees or costs awarded; and

5. All deadlines and proceedings in this case shall be **VACATED** and taken off calendar.

**IT IS SO ORDERED.**

Dated: April 23, 2025

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE